UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| ROBERT W JOHNSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>OFFICER R PHILLIPS (BADGE # 348), Official capacity,<br><br>                    Defendant. | 3:24-CV-03020-CCT<br><br>**ORDER REQUIRING PLAINTIFF TO FILE FINANCIAL AFFIDAVIT OR PAY FILING FEES AND ORDER TO SHOW CAUSE** |
| ROBERT W JOHNSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>BAD BOY PRODUCTIONS HOLDINGS INC, Official capacity; TIME WARNER INC, Official capacity; and DIAGEO PLC,<br><br>                    Defendants. | 3:24-CV-03023-CCT |
| ROBERT W JOHNSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>OFFICER K ALBOLINO, Badge # 494, in official capacity,<br><br>                    Defendant. | 1:24-CV-01018-CCT |

I.  **Motions for Leave to Proceed In Forma Pauperis**

Plaintiff, Robert W. Johnson, has three cases pending before this court: *Johnson v. Phillips* (3:24-CV-03020-CCT), *Johnson v. Bad Boy Productions Holdings Inc* (3:24-CV-03023-CCT), and *Johnson v. Albolino* (1:24-CV-01018-CCT).

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (citation omitted). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

Johnson moved for leave to proceed in forma pauperis in his pending cases, but his motions are woefully incomplete. *See Phillips*, 3:24-CV-03020-CCT, Docket 2; *Bad Boy Prods. Holdings Inc*, 3:24-CV-03023-CCT, Docket 2; *Albolino*, 1:24-CV-01018-CCT, Docket 2. *See also* 28 U.S.C. § 1915(a)(1) (requiring submission of a financial affidavit showing that plaintiff is unable to pay filing fee). In each of his pending cases, Johnson must submit a completed Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239) and indicate his monthly income, monthly expenses, and

assets. Johnson must submit in each of his pending cases a completed Form AO 239 or pay the $405 initial filing fee (totaling for all three cases $1,215) by **November 21, 2024**.

## II.    Order to Show Cause

Johnson is a serial litigator. *See* PACER, Public Access to Court Electronic Records, *Case Locator*, https://pcl.uscourts.gov (last visited Oct. 21, 2024) (showing that Johnson has filed over 100 cases in 2024 alone). He has filed nearly identical complaints against Officer Phillips, an officer with the Syracuse Police Department, in at least four other districts. *See Johnson v. Phillips*, 1:2024-CV-00399 (D. Haw.); *Johnson v. Phillips*, 1:2024-CV-00922 (D.N.M.); *Johnson v. Phillips,* 1:2024-CV-01030 (D. Del.); *Johnson v. Phillips*, 1:2024-CV-00130 (D. Mont.). Johnson has filed in other districts similar complaints against Bad Boy Productions Holdings and Time Warner in two cases, and he has filed a similar complaint against Diageo in one case. *See Johnson v. Bad Boy Prods. Holdings Inc*, 6:2024-CV-05631 (D.S.C.) (not naming Diageo as a defendant); *Johnson v. Bad Boy Prods. Holdings Inc.,* 1:24-CV-00209 (D.N.D.) (naming Diageo as a defendant). He has also filed nearly identical complaints against Officer Albolino, an officer with the Syracuse Police Department, in at least three other districts. *See Johnson v. Albolino*, 1:2024-CV-23780 (S.D. Fla.); *Johnson v. Albolino*, 2:2024-CV-08045 (C.D. Cal.); *Johnson v. Albolino*, 2:2024-CV-01167 (E.D. Wis.).

Johnson has been warned about filing groundless or frivolous suits or been enjoined from filing without court leave in several districts. *See, e.g.*

3

*Johnson v. Colvin Post Off.,* 2024 WL 4240338, at *1 (D. Me. Sept. 19, 2024) (recommending enjoining Johnson from filing in the District of Maine without obtaining prior court permission); *Johnson v. Coe,* 2019 WL 3543542, at *4 (S.D. Ohio Aug. 5, 2019) (barring Johnson from filing suit without court leave); *Johnson v. Vera House, Inc.,* 2022 U.S. Dist. LEXIS 48312, at *12 (D. Conn. Mar. 18, 2022) (enjoining Johnson from filing in District of Connecticut without leave of court); *Johnson v. Town of Onondaga,* 2020 WL 419427, at *2–3 (S.D.N.Y. Jan. 27, 2020) (requiring Johnson to show cause why he should not be enjoined from filing any further actions in forma pauperis without obtaining permission from the court); *Johnson v. Abel,* 2:19-CV-02865, Docket 8 at 8 (S.D. Ohio Aug. 5, 2019) (deeming Johnson as a vexations litigator and enjoining him from filing without obtaining a certificate of good faith from an attorney licensed to practice in Ohio or tendering a complaint for the court to review before filing in the court's docketing system).

Johnson has previously filed three cases in the District of South Dakota: *Johnson v. Trump* (3:23-CV-03022-RAL), *Johnson v. Syracuse Police Department* (1:24-CV-01019-LLP), and *Johnson v. Wendys Co* (3:24-CV-03021-LLP). *Trump* was dismissed during screening under 28 U.S.C. § 1915(e) because Johnson did not provide any explanation or basis for why he had a cause of action against the defendants. *Trump,* 3:23-CV-03022-RAL, Docket 7 at 3–4. Johnson's complaints against the Syracuse Police Department and Wendys were dismissed for lack of subject matter jurisdiction. *Syracuse Police Dep't,* 1:24-CV-01019-LLP, Docket 4 at 4; *Wendys Co,* 3:24-CV-03021-LLP, Docket 6

4

at 5. In his prior suits, Johnson has not shown that the District of South Dakota was the proper venue to bring his claims. *See* 28 U.S.C. § 1391(b) (identifying that venue is generally proper where the defendants reside or where "a substantial part of the events or omissions giving rise to the claim occurred . . . "). In his pending suits, it appears that the District of South Dakota is not a proper venue.

Further, Johnson's pending complaints were signed and filed by an alleged attorney, Willie Johnson (registration number 999999), out of Buffalo, New York. *Phillips*, 3:24-CV-03020-CCT, Docket 1 at 6; *Bad Boy Prods. Holdings Inc*, 3:24-CV-03023-CCT, Docket 1 at 6; *Albolino*, 1:24-CV-01018-CCT, Docket 1 at 6. Mr. Willie Johnson did not file a motion for admission pro hac vice or indicate that he was licensed to practice law in the State of South Dakota and the District of South Dakota. Thus, this court felt that it would be prudent to confirm that Mr. Willie Johnson is a licensed member of the New York Bar and that the registration number is authentic. The Clerk of Court for the District of South Dakota called the phone number listed for Mr. Willie Johnson; the individual who answered the phone confirmed that he is Mr. Willie Johnson, that he is a licensed attorney in New York, and that the registration number listed is correct. The Clerk of Court also contacted the New York State Bar, who verified that the New York Bar Registry does not show that there is a Mr. Willie Johnson assigned registration number 999999.

Under 28 U.S.C. § 1651(a), district courts have the authority "to enjoin litigants with lengthy histories of abuse from future filings or to impose such

5

other restrictions pre-filing as may be necessary to thwart such abuse." *Lundahl v. NAR, Inc.*, 434 F. Supp. 2d 855, 855–56 (D. Idaho 2006) (citing 28 U.S.C. § 1651(a)). In the Eighth Circuit, a district court may enjoin a plaintiff who filed frivolous and vexatious lawsuits from filing further actions without first obtaining leave of the district court. *See Sassower v. Carlson*, 930 F.2d 583, 584–85 (8th Cir. 1991) (per curium); *Akins v. Neb. Ct. of Appeals*, 607 F. App'x 606, 607 (8th Cir. 2015) (per curium). "Where recommendations or requests [to enjoin filing without leave of court] . . . do not come first, courts have issued show cause orders to errant *pro se* litigants or have entered a cautionary order to the effect that filing restrictions may be in the offing in response to groundless litigation." *Cok v. Family Ct.*, 985 F.2d 32, 35 (1st Cir. 1993) (internal citations omitted). *See also Martin v. D.C. Ct. of Appeals*, 506 U.S. 1, 3 (1992) (per curiam) (issuing a cautionary order before imposing filing restrictions); *In re Hartford Textile Corp.*, 613 F.2d 388, 390 (2d Cir. 1979) (requiring district courts to provide notice and invite response when sua sponte enjoining future filing under 28 U.S.C. § 1651(a)). Thus, Johnson shall respond to this order showing cause why he should not be enjoined from filing future complaints without obtaining leave of court in the District of South Dakota. Johnson shall respond on or before **November 21, 2024**.

### III.   Conclusion

Thus, it is ORDERED:

1. That the Clerk of Court shall send Johnson three copies of Form AO 239.

2. That Johnson must submit in each of his pending cases a completed Form AO 239 or pay the $405 initial filing fee (totaling for all three cases $1,215) by **November 21, 2024**.

3. That Johnson is directed to show cause, on or before **November 21, 2024**, why he should not be enjoined from filing in the District of South Dakota without obtaining leave of court.

4. Failure to comply with this order will result in enjoining Johnson from filing in the District of South Dakota and the dismissal of Johnson's pending complaints: *Phillips*, 3:24-CV-03020-CCT, Docket 1; *Bad Boy Productions Holdings Inc*, 3:24-CV-03023-CCT, Docket 1; and *Albolino*, 1:24-CV-01018-CCT, Docket 1.

Dated October 22, 2024.

                BY THE COURT:

                /s/ *Camela C. Theeler*
                CAMELA C. THEELER
                UNITED STATES DISTRICT JUDGE